UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL DEPOSIT INSURANCE CORPORATION,
In its Capacity as Receiver for Netbank, FSB,

    Plaintiff,

                                                      Case No. 07-14045
-vs-                                            HON. AVERN COHN

HOME CONNECTION MORTGAGE, INC., et al.,

    Defendants.

_____/

## ORDER REGARDING OBJECTIONS
## TO PROTOCOLS FOR SETTLEMENT CONFERENCE

On June 26, 2008, the Court entered an order styled Protocols for Settlement Conference, intending to set forth the parameters for the settlement conference to be conducted by William A. Sankbeil, Esq., mediator, in this case under the order entered June 26, 2008. The order stated that any objections be filed within three (3) days. The Court has received objections from the following defendants:

-     Home Connection Mortgage, Inc., Home City Management, LLC, Dennis Tamburo, Kristin K. Tamburo, and Diane Tamburo

-     The Valuation Group, Inc., Scott Gailey, Scott McErlane, Kimberly Rudolph, Justin Shallow, Daniel Vines, and Richard Woosley, (The Valuation Group Defendants)

-     Manzo Title Co, John Manzo, and Jill Gutt

All of the above defendants object to paragraph 6 of the order which states:

6.    As to any party the mediator advises the Court is not negotiating in good faith towards a settlement, the Court reserves the right to impose sanctions which may include costs and attorney's fees.

Defendants essentially say that it is not appropriate for the Court to impose sanctions for a failure to negotiate in good faith and fear that taking a position denying liability will result in a finding that they are not negotiating in good faith. Defendants' objections are not well-taken. The decision to award sanctions is for the Court, upon notice by the mediator and is intended to ensure meaningful participation in mediation. It is not to be interpreted as a barrier to asserting settlement positions, including taking the position that there is no liability.

Defendants also object to the cost-sharing provision of paragraph 8 which states:

> 8. The costs and expenses of the mediator shall be shared by the parties (one-half to be paid by plaintiff, and one-half by the defendants). The allocation to defendants shall be determined by the Court as recommended by the mediator, it being acknowledged that not all of the defendants have the same degree of potential liability or the same financial resources.

Defendants object to having to pay any costs at all, or say that the FDIC should be responsible for all costs, or at a minimum say that they should have an opportunity to object to any proposed assessment of costs. These objections are also unfounded. The Court has determined that the cost-sharing provision is fair and equitable under the circumstances. Also implicit in the order is the right of a defendant to object to any assessment of costs.

Finally, The Valuation Group Defendants object that the order does not contain a provision allowing for summary submissions to the mediator. Although the order does not require such a submission, the mediator may at his discretion ask the parties for position statements prior to the first session, including the position of the FDIC regarding the liability of a party.

The Court's intention in requiring an effort at settlement early in the case is to avoid the expenses inevitably to accrue should the case go forward in a conventional manner.  The Court and the mediator recognize that answers are yet to be filed and that there has been no discovery.  The Court urges the parties to accept the good faith of the Court in proceeding in this manner.

SO ORDERED.

_____

 s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  July 3, 2008


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 3, 2008, by electronic and/or ordinary mail.

 s/Julie Owens
Case Manager, (313) 234-5160